**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**STANLEY H.R. EWAN, et al.,**

    **Plaintiffs,**

    v.                                                                                **CASE NO. 23-3234-JWL**

**UNITED STATES OF AMERICA,**

    **Defendant.**

**MEMORANDUM AND ORDER
TO SHOW CAUSE**

Plaintiffs Stanley H.R. Ewan, Jeffrey G. Barnes, Jr., Robert Bales, Robert E. Miller, Sean Ahern, Brian L. Johnson, Norman Stout, and Michael S. Ingram are hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiffs' Complaint that are discussed herein. Plaintiffs are also given the opportunity to file a proper amended complaint to cure the deficiencies. Further, Plaintiffs' Motion for Injunction Prohibiting Transfer (Doc. 2) is denied and the Motion for Leave to File Exhibit Index with Conventional Attachments (Books) (Doc. 7) is denied without prejudice.

**I. Nature of the Matter before the Court**

Plaintiffs bring this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiffs are incarcerated at the U.S. Disciplinary Barracks in Fort Leavenworth, Kansas ("USDB"). Plaintiffs complain about limitations on receiving materials deemed obscene, grooming standards, and the granting of abatement days for completing certain treatment groups at the USDB. Plaintiffs allege that they have been deprived of their rights under the First, Fifth, and Fourteenth Amendments.

1

### A. Limitations on Materials Deemed Obscene

The Complaint alleges that on June 23, 2023, the mailroom staff at the USDB rejected nine (9) books ordered by Plaintiff Barnes. The books, volumes 2 through 10 of *The Valens Legacy* by Jan Stryvant, were rejected for obscenity in accordance with Military Corrections Command ("MCC") Regulation 28-1. Barnes appealed to the Publications Advisory Board ("PAB"). The PAB recommended that the Commandant deny the books. The Commandant signed off on the rejection on July 18, 2023. Barnes was notified of the denial on July 22, 2023, and given the option to ship or destroy the rejected books. Barnes told mailroom staff that he would be shipping the books to this Court but would need to examine the books first and "catalog" the objectionable material. Mailroom staff told Barnes that he had fourteen (14) days before the books would be considered abandoned and automatically destroyed.

Barnes sent a digital request form to Mr. Baker, the director with oversight of the mailroom, to ask for a meeting to discuss the issue. Baker said he would see Barnes on Monday, July 24, but he did not meet with Barnes that day. On July 25, Baker came to Barnes's work detail to discuss the issue. Baker said he had not looked at the books yet but that he would and would meet with Barnes that week to catalog the books. On July 27, NCO SSG Myers was told the books had been destroyed. Barnes filed a grievance. On July 28, SSG Myers received a phone call from the mailroom advising him that the books had not actually been destroyed but were in the process of being destroyed. The mailroom staff acknowledged that they were mistaken about Barnes having fourteen (14) days; upon denial by the PAB, inmates must choose whether to ship or destroy the items.

During September of 2023, the "other plaintiffs" ordered the same nine (9) books again. This time, two (2) of the books were not rejected. Then, Plaintiff Ewan ordered two (2) books (*50*

*Shades Darker*, by E. L. James, and *Penthouse Letters: Threesomes, Foursomes, and Moresomes*) "to provide a sampling of other types of sexual material being rejected." (Complaint, Doc. 1, at 5). Both books were rejected.

The Complaint further alleges that the USDB implemented a policy in July of 2021 banning all nude photographs. Plaintiffs assert that this policy in combination with the censorship of written materials results in a "complete block of all sexual expression to or from the inmates at the USDB." *Id.* at 4.

### B. Grooming Standards

The Complaint alleges that USDB Regulation 600-1 requires inmates to shave every day and get a haircut every two weeks. Plaintiff Ewan requested an exception to policy ("ETP") "to exercise first amendment rights to freedom of expression." *Id.* at 6. Ewan's request was denied.

### C. Abatement Days

The Complaint alleges that the USDB has implemented a new policy on abatement days awarded for the completion of approved programs. According to the Complaint, the USDB is applying the policy only to newly arrived inmates. Plaintiff Ewan requested that the Commandant reconsider this position as it is not fair to current inmates who completed the same programs. Ewan's request was denied.

### D. Defendant and Requested Relief

Plaintiffs name the United States of America as the only defendant and seek declaratory and injunctive relief in the form of a writ of mandamus ordering the USDB to adopt a policy banning only written materials that are about illegal or "extreme" sexual topics, to adopt a uniform grooming standard "similar to the standard utilized for medical and religious waivers," and to adopt a policy to apply the new abatement policy to all inmates. *Id.* at 10.

**II.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff

4

believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### A. Failure to State a Claim under 42 U.S.C. § 1983

Plaintiffs assert that they are bringing this lawsuit pursuant to 42 U.S.C. § 1983. *See* Doc. 1, at 1. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A defendant

5

acts "under color of state law" when he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49; *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1208 (10th Cir. 2005), *cert. denied*, 547 U.S. 1111 (2006).

Plaintiffs are federal prisoners confined pursuant to federal law. The Commandant or other officials at the USDB (or, certainly, the United States of America, which is the only defendant named by the plaintiffs) are federal, rather than state, agents and do not act under color of state law. Therefore, § 1983 does not provide a basis for the plaintiffs' claims.

### B. Multiple Plaintiffs

The Complaint is brought by eight (8) plaintiffs. All have signed the Complaint as required by the Court's local rules and the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."); D. Kan. Rule 9.1(a)(3) ("The following filings must be in writing, signed, and verified (meaning sworn under penalty of perjury) . . . civil rights complaints by prisoners . . ..").

However, the plaintiffs have only paid a single filing fee. The Prison Litigation Reform Act requires that prisoners seeking relief in a non-habeas civil action in federal court must pay the full district court filing fee, albeit over time if the prisoner qualifies for in forma pauperis status. 28 U.S.C. § 1915(b)(1). This Court has previously decided that prisoner plaintiffs may not undermine this statutory obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee. *See Holder v. Kansas*, No. 07-3059-SAC, 2008 WL 199821, at *1 (D. Kan. Jan. 23, 2008) (citing *see e.g.*, *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) (each prisoner must proceed in a separate action and be

responsible for payment of the full district court filing fee) and *Pinson v. Whetsel*, No. CIV-06-1372-F, 2007 WL 428191 (W.D. Okl. Feb. 1, 2007) (discussing difficulties if joinder of prisoner plaintiffs permitted)); *see also Davidson v. Thompson*, Case No. 18-3084-SAC, 2019 WL 1317465, at *2 (D. Kan. March 22, 2019) ("This Court has previously decided that prisoner plaintiffs may not undermine this statutory obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee.") (citations omitted).

In addition, Plaintiffs must comply with Rule 20(a)(1) regarding permissible joinder of plaintiffs. *Etier v. Soptic*, 2022 WL 1202395, at *3 (D. Kan. 2022). "In the context of prisoner litigation specifically, district courts also have found that the impracticalities inherent in multiple-plaintiff lawsuits militate against permissive joinder otherwise allowed by Rule 20(a)(1)." *Id.* (citations omitted); *see also Bray v. Oklahoma Cty. Jail Auth.*, 2022 WL 1097094, at *1 (W.D. Okla. 2022) (finding joinder infeasible, noting that the PLRA requires each plaintiff to pay the entire filing fee, one inmate may not legally represent another, and "prison movements and regulations could, at any time, restrict interpersonal communication between the Plaintiffs").

One plaintiff cannot assert rights on behalf of other parties. It is well-settled that a claim must be based on the violation of a plaintiff's personal rights and not the rights of someone else. *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted). To have standing, a prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury." *Swoboda v. Dubach,* 992 F.2d 286, 289 (10th Cir. 1993). In addition, the Tenth Circuit in *Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320 (10th Cir. 2000) concluded that a "litigant may bring his own claims to federal court without counsel, but not the claims of others"

7

because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" *Id*. at 1321 (citation omitted).

Here, the Complaint's specific allegations related to censorship of sexually explicit materials involve primarily Plaintiff Barnes. *See* Doc. 1, at 2-4. The only other plaintiff specifically mentioned is Ewan. *See* id. at 5. Under the grooming standards and abatement days counts, the only plaintiff mentioned is Ewan. *Id*. at 6. Based on the allegations in the Complaint, the other plaintiffs do not have standing to bring any of the three counts.

The Court finds that only one named plaintiff may proceed. If the other plaintiffs seek to bring an action in this Court, they must each file a separate, properly-signed complaint on court-approved forms demonstrating standing, accompanied by the full filing fee or a motion for leave to proceed in forma pauperis with the required supporting financial information. The Court will then address in each case the individual plaintiff's payment obligations under § 1915(b) and will conduct an initial review of each complaint under §§ 1915(e)(2), 1915A.

## IV.  Motions

The plaintiffs have filed two motions: a Motion for Injunction Prohibiting a Transfer (Doc. 2) and a Motion for Leave to File Exhibit Index with Conventional Attachments (Books) (Doc. 7).

In the first motion, which is signed by only four of the plaintiffs who signed the Complaint, the plaintiffs request an injunction prohibiting, absent serious misconduct that results in a guilty court martial, the transfer of any of the undersigned plaintiffs to a different facility. (Doc. 2, at 1). The motion alleges that the USDB has, in the past, transferred or otherwise retaliated against inmates who file legal claims. The motion further alleges that "the transferring of any of the plaintiffs potentially disrupts the case." *Id*. at 1.

One of the problems with having multiple incarcerated plaintiffs is demonstrated by this motion. Only four of the eight plaintiffs signed the motion, creating confusion over whether the motion seeks to protect only those four from retaliation or whether the motion is intended to be applicable to all of the plaintiffs. If so, the motion violates Rule 11.

Furthermore, Plaintiffs have failed to establish the required factors for a preliminary injunction. The Court will only grant a preliminary injunction after the plaintiffs have shown: (1) a substantial likelihood of success on the merits; (2) they will suffer irreparable harm in the absence of an injunction; (3) their threatened injury outweighs the harm a preliminary injunction may cause the opposing party; and (4) the injunction would not be adverse to the public interest. *Beltronics USA, Inc. v. Midwest Inventory Distrib.*, LLC, 562 F.3d 1067, 1070 (10th Cir. 2009). Further, there must be a relationship between the injury claimed in the motion and the conduct asserted in the complaint. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). Courts are cautioned against granting mandatory preliminary injunctions—those requiring affirmative action by the nonmoving party—as they are "an unusual form of relief and one that must not be granted without heightened consideration" of the four factors. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).

Plaintiffs' motion is unrelated to their claims in this case in that they have not made a claim for retaliation. Their allegations of possible future retaliation are speculative and unsupported. Moreover, Plaintiffs do not have a constitutional right to dictate where they are housed, whether it is which facility or which classification within a facility. *See Schell v. Evans*, 550 F. App'x 553, 557 (10th Cir. 2013) (citing *Meachum v. Fano*, 427 U.S. 215, 228–29 (1976)); *Cardoso v. Calbone*, 490 F.3d 1194, 1197–98 (10th Cir. 2007). Particularly given that the Supreme Court has instructed that jail officials are entitled to great deference in the internal operation and administration of their

facilities (*see Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979)), the plaintiffs must provide more than unsupported speculation. The motion is denied.

In Doc. 7, Plaintiff Ewan requests leave to file the eleven (11) rejected books conventionally. He explains that the plaintiffs cannot file excerpts of the objectionable portions because they were not allowed to possess or examine the books.

District of Kansas Local Rule 5.1(e) provides that bulky or voluminous materials should not be filed in their entirety unless the Court finds the materials essential and grants leave to file them. Because the Court has not yet completed screening the Complaint, the submission of the books is premature. The motion is denied without prejudice. Plaintiff may refile the motion if a claim regarding the books survives screening.

## V. Response and/or Amended Complaint Required

Plaintiffs are required to show good cause why their Complaint should not be dismissed for the reasons stated herein. Plaintiffs are also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiffs are given time to file a complete and proper amended complaint in which they (1) include only one plaintiff; (2) raise only properly joined claims and defendants; (3) allege sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court;

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. The remaining plaintiff must write the number of this case (23-3234-JWL) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). The plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. The plaintiff must allege sufficient additional facts to show a federal constitutional violation.

and (4) allege sufficient facts to show personal participation by each named defendant.

If Plaintiffs do not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs are granted until **December 4, 2023,** in which to show good cause, in writing, why the Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiffs are also granted until **December 4, 2023**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Injunction Prohibiting Transfer (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff Ewan's Motion for Leave to File Exhibit Index with Conventional Attachments (Books) (Doc. 7) is **denied without prejudice.**

**IT IS SO ORDERED**.

**Dated November 3, 2023, in Kansas City, Kansas.**

**S/   John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**