IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STANLEY H.R. EWAN, et al.,

    Plaintiffs,

    v.                                      CASE NO. 23-3234-JWL

UNITED STATES OF AMERICA,
et al.,

    Defendants.

**MEMORANDUM AND ORDER**

Pro se Plaintiffs bring this action under 5 U.S.C. §§ 551 and 702, and 28 U.S.C. §§ 1331 and 2201. Plaintiffs are incarcerated at the United States Disciplinary Barracks at Fort Leavenworth, Kansas ("USDB"). The Court screened Plaintiffs' Complaint and entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC"), granting Plaintiffs an opportunity to show good cause why their Complaint should not be dismissed or to file an amended complaint to cure the deficiencies. Plaintiffs filed an Amended Complaint (Doc. 9). The Court screened the Amended Complaint and on March 25, 2024, entered a Memorandum and Order to Show Cause (Doc. 10) ("MOSC II") directing Plaintiffs to show good cause why the Amended Complaint should not be dismissed for the reasons set forth in the MOSC II or to file a second amended complaint to cure the deficiencies.

Plaintiffs Stanley H.R. Ewan, Jeffrey G. Barnes, Jr., and Norman Stout, filed a Second Amended Complaint (Doc. 11) ("SAC"). The underlying facts are set forth in detail in the MOSC II. In summary, Plaintiffs bring claims regarding the rejection of publications, grooming standards, and abatement days not received by all USDB inmates. (Doc. 11, at 4.) Plaintiffs claim violations

of Army Regulations and their First and Fifth Amendment rights. *Id*. As Count I, Plaintiffs Barnes, Ewan, and Stout, allege a First Amendment violation based on the rejection of their publications. *Id*. at 5. Plaintiff Ewan also alleges in Count I that the grooming standards at the USDB violate his freedom of expression/speech. *Id*. at 6–9. As Count II, Plaintiff Barnes alleges a Fifth Amendment violation based on the destruction of his rejected books. *Id*. at 9. As Count III, Plaintiff Ewan alleges a Fourteenth Amendment violation based on a new policy that allows abatement days for inmates completing treatment groups while denying the abatement to inmates that had previously completed the program. *Id*. at 9–10.

The Court entered a Memorandum and Order (Doc. 12) ("M&O") finding that the proper processing of Plaintiffs' claims could not be achieved without additional information from USDB officials, and ordered the preparation of a *Martinez* report. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). The *Martinez* Report (Doc. 15) (the "Report") was filed, and on November 1, 2024, the Court entered a Memorandum and Order (Doc. 16) ("M&O II") granting Plaintiffs until December 2, 2024, in which to respond to the Report and to show good cause why their claims should not be dismissed for the reason set forth in the M&O II, in the Court's MOSC II, and based on the Report. (Doc. 16, at 11.) Plaintiffs have failed to respond by the Court's deadline. The MOSC II provides that "[f]ailure to respond by the deadline may result in dismissal of this action without further notice for failure to state a claim." *Id*. at 12.

Plaintiffs have failed to show good cause why their claims should not be dismissed for the reason set forth in the M&O II, in the Court's MOSC II, and based on the Report. Therefore, this matter is dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated December 9, 2024, in Kansas City, Kansas.**

**S/   John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
